## BIGELOW v. BALLERINO.[*]

### No. 19,480; July 31, 1895.

#### 41 Pac. 14.

**Streets—Vacation of Alley—Abutting Owner.**—Where a public alley is vacated, the right of an abutting owner to the portion adjoining his land is not, as against an abutting owner on the opposite side of the alley, affected by the fact that the vacation was unlawful.

APPEAL from Superior Court, Los Angeles County; W. H. Clark, Judge.

Action by L. M. Bigelow against Bartolo Ballerino to quiet title. Judgment was rendered for plaintiff, and defendant appeals. Affirmed.

Horace Bell for appellant; A. W. Hutton for respondent.

BRITT, C.—There was a street in the city of Los Angeles called "Negro Alley." Plaintiff owned land which, as she

---

[*]For subsequent opinion in bank, see 111 Cal. 559, 44 Pac. 307.

claimed, abutted on the westerly side of such alley, and defendant owned land adjacent to the easterly side thereof, opposite to plaintiff's land. In April, 1889, the city council of Los Angeles vacated said alley as a street, and about the same time laid out a new street called "Los Angeles street," a little to the west of said alley. Such new street included nearly all of plaintiff's land, the city paying her for the portion taken. The court found that there was left, however, of her property, a wedge-shaped piece, varying in width from a few inches at the north end to a few feet at the south end, contiguous to said Negro alley, and lying between the westerly line of the alley and the easterly line of the new street. Defendant, claiming the right, upon the vacation of the alley, to extend his frontage to the new street, constructed a small building adjacent to the east line thereof, covering a section about sixteen feet in length of the said narrow strip of plaintiff's land, and extending eastward into what had been Negro alley. Plaintiff brought this action to quiet her title against defendant to the land between her north and south lines lying east of the new street and extending to the middle line of such former alley, and to recover possession of the parcel so built upon by him. She had judgment, and the defendant appeals from the same, and from an order denying his motion for new trial. The only question of any consequence in the case is whether the evidence sustains the finding that plaintiff is the owner of that portion of the narrow strip between Los Angeles street and the line of the former Negro alley, where defendant constructed his building. If she is, then of course she is entitled to resist the encroachments of the defendant on her side of the alley, whether it was lawfully vacated or not, and whether he consented to its vacation or not: Civ. Code, 831. On this question the record is not very clear; but, upon examining the evidence set out, we think the court was justified in its conclusion that plaintiff is the owner of the disputed ground—by long continued possession of herself and her predecessors, if not by paper title. We see no useful purpose to be served by detailing the testimony here. The judgment and order should be affirmed.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.